UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DUANE CARL WINQUIST,

        Petitioner,                      Case No. 2:16-cv-182

v.                                           Honorable Gordon J. Quist

ROBERT NAPEL,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a former state prisoner under 28 U.S.C. § 2254. Petitioner Duane Carl Winquist is presently on parole after being incarcerated in a Michigan Department of Corrections correctional facility for approximately three years and six months. Petitioner is on parole from two concurrent 2 year, 6 month to 20 year sentences, imposed on September 23, 2014, following his *nolo contendere* plea in the Macomb County Circuit Court to one count of child sexually abusive activity/material, Mich. Comp. Laws § 750.145c(2), and one count of using a computer to communicate with a person for the purpose of violating the statute regarding child sexually abusive activity/material, Mich. Comp. Laws § 750.145d.

        On July 29, 2016, Petitioner filed his habeas corpus petition. The petition raises 2 grounds for relief, as follows:

        I.        Entrapment.

        II.       Ineffective assistance of counsel

(Pet., ECF No. 1, PageID.2-3.) Respondent has filed an answer to the petition (ECF No. 7) stating that the grounds should be denied because they are procedurally defaulted, waived by Petitioner's

plea, and otherwise without merit. Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are procedurally defaulted. Accordingly, I recommend that the petition be denied.

Respondent reports that Petitioner waived his right to a preliminary examination, and then waived his right to trial. (Answer, ECF No. 7, PageID.99.) Petitioner did not directly appeal the criminal judgment; for that reason, neither the plea nor the sentencing proceedings were transcribed.[1] (*Id.*) The record's most illuminating statement of the factual foundation for Petitioner's criminal charges appears in Petitioner's motion for relief from judgment:

> The Defendant while communicating on the computer looking for adult friendship using adult themes and adult cartoons for humor, met on-line a woman who answered and offered friendship and vivid sexual conversation which was instigated by the woman, who later was to be known as the victim's mother who was in fact Law Enforcement posing as a woman seeking friendship in a sexual manner. The victim's so called mother (police) exploited friendship and trust in order to induce defendant to commit these offenses [citation omitted]. The woman later to be known as the victim's so called mother, through her communication with defendant mentioned that she had a 13 year old daughter who was sexually active with an older friend of hers that was basically teaching the daughter the ropes about sex. The victim's mother went on to say that the older friend was leaving the area and that she wanted to know if the defendant would be interested in helping the daughter learn more about sex.
>
> The defendant believed the woman was actually the police posing as this mother in need of a man to teach her daughter sexual things. Defendant asked on more than one occasions if the mother was indeed the police and the answer from the mother was "NO[.]" Defendant decided that there must be something very illegal and wrong with what the mother intended to have defendant do with her daughter and defendant decided to call her bluff and see if her story was indeed true that the mother was in effect pimping her own daughter for what ever reason she was doing this for. Defendant decided to see if this scenario was as it seemed and if true defendant intended to have the police involved to arrest this woman and possibly save her daughter from a real danger of sex with strangers from the inter-net. Defendant's true intentions were to save this child.

---

[1] Respondent ordered the transcripts to facilitate resolution of this habeas petition. (Answer, ECF No. 7, PageID.99.) Nonetheless, the transcripts have not been provided. As set forth below, however, the transcripts are not necessary to resolve Petitioner's claims.

> The so called mother of the victim (Law Enforcement) then began to pressure defendant to agree to meet with her daughter for a sexual encounter by telling defendant that this was for her daughter's best interests and for this encounter to be more <u>instructional</u> than just <u>sexual</u> in nature. Defendant then intended to confront this woman and either warn her of the danger she was involving her daughter in or to scare her with a potential arrest for endangering her minor child.

(Pet'r's Mot. for Relief from J., ECF No. 8-2, PageID.141-143) (paragraph numbering omitted).

Petitioner's brief on appeal provides additional detail:

> This case involves events alleged to have occurred between 01-29-14 and 01-31-14 in the nature of a "Sting" operation. The events in question involve in part E-mails between Defendant and Det. LePage of the Macomb County Sheriff Department, wherein Det. LaPage working undercover, indicated that she had a daughter, Janelle (false statement), and that she, Det. LaPage, was looking to start an "openminded family", without defining what that might mean. Det. LaPage, referring to herself as "Kristin", advised Defendant that she had a special friend for Janelle named "Rick", however Rick was moving out-of-state. Kristin further advised Defendant that activities of a sexual nature had transpired between Janelle and Rick, and that they had been left alone for that purpose. Kristin was looking for another man to replace Rick as the sexual special friend of Janelle. Kristin sent a picture of Janelle which was a photograph of an actual law enforcement officer at age 13. E-mail exchanges became sexual in substance and quite graphic. Two phone calls occurred which resulted in the arrangement of a meeting in Harrison Township, in Macomb County, to which Defendant was to bring two candy bars, a Three Musketeers and a Milky Way. The meeting was to occur but instead Defendant was arrested where the meeting was to take place.

(Pet'r's Delayed Appl. for Leave to Appeal, ECF No. 8-4, PageID.168.) Petitioner insists that he was entrapped by Det. LaPage:

> Defendant asserts that the police conduct in this case is so **reprehensible** that it can not be tolerated. To put Defendant in the position of needing to meet Kristin to ascertain her identity and to protect Janelle, is **coercive** and **intolerable** behavior conducted by law enforcement.

(*Id*., PageID.169.)

As noted above, Petitioner waived his preliminary examination. He also waived his circuit court arraignment. Petitioner's arguments suggest that, thereafter, his counsel did little or nothing to advance Petitioner's case. Under the circumstances, particularly in light of

Petitioner's noble intentions, it is somewhat surprising he entered a plea of *nolo contendere*. Petitioner blames his counsel. Petitioner reports:

> Counsel stated to defendant that [counsel] "had absolutely no knowledge of computers or knowledge of the crimes defendant was charged with." Defendant was told by counsel that he had never owned a computer and was unaware of the elements of the MCL's that the defendant was charged with. He went on to state that he was unaware of the Craig's List or what it's function was designed for and what was it's use.
>
> Defendant inquired if the charges were instigated by Entrapment. Counsel's answer was "The Judge will not entertain a claim of entrapment or allow the claim of entrapment entered by a Motion." Counsel's only investigation as to verify what the actual charges were involving computers and how they related to the defendant's crimes.

(Pet'r's Mot. for Relief from J., ECF No. 8-2, PageID.145-146.) In his motion for relief from judgment, Petitioner contends that counsel, despite Petitioner's urging, entirely failed to raise the entrapment issue.

The docket reveals that counsel was more actively involved than Petitioner recalls. Counsel first moved for a bill of particulars. In lieu of a hearing on that motion, Petitioner's counsel and the prosecutor stipulated to the filing of an amended information specifying the acts of child sexual abuse.

After the amended information was filed, counsel moved for an evidentiary hearing on the issue of entrapment, moved to suppress unrelated internet materials, and moved to dismiss counts three and four. The motions were initially scheduled for hearing on August 4, 2014. (Pet'r's Delayed Appl. for Leave to Appeal, ECF No. 8-4, PageID.171.) On that date, however, counsel agreed to adjourn the hearings to consider discovery materials he had just received.

Petitioner's argument discloses that the discovery materials included an analysis of the contents of Petitioner's computer. Those contents included nude pictures of Petitioner's wife's grandchildren. Petitioner maintains that the presence of those pictures was entirely innocent—"a

4

usually normal set of pictures kept by parents and grand parents." (*Id.*) Nonetheless, counsel expressed concern that the pictures were not only prejudicial to Petitioner's case, but also implicated Petitioner's wife. (*Id.*) Petitioner, confused and concerned for his wife, asked counsel's advice. Counsel advised Petitioner of two things: Petitioner should have counsel withdraw[2] and Petitioner should enter a plea of *nolo contendere*. (*Id.*) Shortly thereafter, on August 19, 2014, Petitioner entered his plea. The hearing on the entrapment motion, the Rule 404(b) evidence motion, and the motion to dismiss, as well as the trial, all scheduled for September 8, 2014, were cancelled.

Petitioner was sentenced on September 23, 2014. At that time, he was provided notice of his right to appellate review. The form notice includes a section to request an attorney on appeal. Appointment of new counsel for any appeal would be necessary because trial counsel's representation ends once a criminal defendant has been sentenced. Mich. Ct. Rule 6.005(H)(1). The notice informs a criminal defendant of the time to file an appeal and also indicates the appropriate form of appeal where a defendant has entered a plea of guilty or *nolo contendere*.

If Petitioner intended to appeal, he should have filed his application for leave to appeal within 21 days of the judgment of sentence; however, the court of appeals is permitted to entertain a late application filed as long as 6 months after sentencing. Mich. Ct. Rule 6.205(A) and (G). Even the 6-month limit can be extended if the defendant files a late request for the appointment of counsel within the 6-month period. Mich. Ct. Rule 6.205(G).

---

[2] Petitioner's appellate disclosure that counsel advised Petitioner to permit counsel to withdraw due to counsel's lack of expertise stands in stark contrast to Petitioner's argument in his motion for relief from judgment wherein Petitioner chastised counsel for not recognizing he should have withdrawn because of his lack of expertise. (Pet'r's Mot. for Relief from J., ECF No. 8-2, PageID.146.)

Petitioner did not file a timely application for leave to appeal, nor did he request the appointment of appellate counsel. He claims he gave up his appeal on the advice of his trial counsel:

> Counsel advised Defendant that he should not bother to file an <u>Appeal of Right</u>, due to the fact that Defendant pled no contest to the charges.

(Pet'r's Appl. for Leave to Appeal, ECF No. 8-4, PageID.164.)

Rather than file a request for the appointment of counsel or an application for leave to appeal by March 23, 2015, Petitioner waited three additional weeks and then filed a motion for relief from judgment under Michigan Court Rule 6.502. (ECF No. 8-2.) He requested relief for two reasons: he was entrapped and his counsel was ineffective for failing to raise the entrapment issue. Within a week, the judge denied Petitioner's motion on the merits because he waived the entrapment defense when he entered his plea and, contrary to Petitioner's claim, counsel had indeed raised the entrapment defense and it was set for hearing until Petitioner decided to enter his plea. (Macomb Cty. Cir. Ct. Order, ECF No. 8-3.)

Petitioner promptly filed an application for leave to appeal the circuit court's order. He raised the same two issues, but, recognizing that his ineffective assistance claim as initially raised was groundless, Petitioner now claimed counsel was ineffective for failing to inform Petitioner that his plea would waive the entrapment defense and for failing to inform Plaintiff that the entrapment defense would likely result in the dismissal of all charges.[3]

In much the same way that Petitioner changed his grounds for relief, the Michigan Court of Appeals changed the reason relief would be denied. The appellate court never considered

---

[3] Petitioner's ability to rapidly shift his arguments is remarkable. In Petitioner's motion for relief from judgment, Petitioner portrays himself as demanding that counsel pursue an entrapment defense and then, because his inexperienced counsel failed to do so, Petitioner was forced to enter a plea. When the trial court informed Petitioner that counsel had indeed asserted the entrapment defense, Petitioner presented an entirely different scenario. Instead of Petitioner being prejudiced because he had to inform his inexperienced counsel about the defense of entrapment, counsel failed to inform Petitioner that he had a viable entrapment defense or that his plea would waive the defense.

6

the merits. Instead, it relied on Michigan Court Rule 6.508(D)(3). The court determined that Petitioner could have raised the issues previously on direct appeal, but did not, and had not established cause for failing to raise the issues, actual prejudice, or any reason to waive the good cause requirement. (Mich. Ct. App. Order, ECF No. 8-4, PageID.154.)

The focus of Petitioner's ineffective assistance argument shifted again when he presented it to the Michigan Supreme Court. In his application for leave to appeal to the supreme court, it was not concern for Petitioner's wife that prompted his plea, but concern that Petitioner might receive more years of confinement because of the pictures. (Pet'r's Appl. for Leave to Appeal, ECF No. 8-5, PageID.234.) Petitioner again returned to the claim that counsel, because of his lack of preparation or experience, should have withdrawn or, at a minimum, should have requested co-counsel. (*Id.*, PageID.235.)

The Michigan Supreme Court denied leave by order entered May 24, 2016. This petition followed.

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in

their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

The Michigan Court of Appeals refused to consider Petitioner's claims because he had failed to raise them on direct appeal. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal

9

habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

To determine whether Petitioner has been denied relief based on a procedural default, we look to the last "reasoned judgment rejecting the [federal] claim." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The doctrine is applicable if "the last state court to review [the prisoner's] conviction 'clearly and expressly' relied on [the prisoner's] procedural default in its decision affirming Petitioner's conviction." *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

In *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking Mich. Ct. R. 6.508(D) are unexplained orders within the meaning of *Ylst*, 501 U.S. at 803. Such form orders are presumed to uphold or reject the last reasoned decision below. *Guilmette*, 624 F.3d at 291-92 (citing *Ylst*, 501 U.S. at 803). As a result, absent an explained decision from a lower Michigan court applying the procedural prohibition of Rule 6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of MCR 6.508(D). *See also McClellan v. Rapelje*, No.11-1841, 2013 WL 135362, at *4 (6th Cir. Jan. 11, 2013) (holding that a lower court decision that explicitly denies relief under an established state procedural rule overcomes the presumption set

forth in *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012) (holding that "an unexplained summary order [of a state appellate court] is an adjudication on the merits for AEDPA purposes)).

Here, the Michigan Supreme Court's May 24, 2016, order is a brief form order that does not explicitly rely on a procedural bar. The Michigan Court of Appeals July 29, 2015 order, however, is more than a simple form order. The Michigan Court of Appeals clearly relied upon a procedural bar:

> The delayed application for leave to appeal is DENIED because defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The defendant alleges grounds for relief that could have been raised previously and he has failed to establish both good cause for failing to previously raise the issues and actual prejudice from the irregularities alleged, and has not established that good cause should be waived. MCR 6.508(D)(3)(a) and (b).

(Mich. Ct. App. Order, ECF No. 8-4, PageID.154.) The appellate court's order is also noteworthy in that it departs from the rationale of the trial court in its order denying relief. The trial court denied Petitioner's claims on the merits, without reference to Petitioner's procedural failings.

So, Petitioner failed to comply with a state procedural rule and the state appellate court relied on Petitioner's failure in rejecting Petitioner's claims. That leaves one question: was the rule an independent and adequate state ground?

Under Michigan Court Rule 6.508(D (3), a defendant may not collaterally attack a conviction based upon claims that could have been raised on direct appeal, but were not. For such a claim, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." Mich. Ct. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been

11

apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because Mich. Ct. R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place years thereafter, Mich. Ct. R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

Because Petitioner's claim is procedurally defaulted, habeas review of the claim is barred. That bar, however, is not absolute. This Court may still consider the claim if Petitioner shows "cause and prejudice" or a miscarriage of justice.

Petitioner does not qualify for the miscarriage-of-justice exception. He does not claim that he is innocent. (*See* Pet'r's Appl. for Leave to Appeal, ECF No. 8-4, PageID.166) ("Appellant is not denying guilt to the charged offenses he pled Nolo Contendere to.") Therefore, to avoid the bar, Petitioner must establish cause and prejudice.

Factors that may establish cause include interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available. *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010) (citing *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (citing *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (quotations omitted))). Petitioner claims his trial counsel's ineffective assistance was the cause of Petitioner's failure to raise issues on direct appeal. Specifically, Petitioner alleges that trial counsel told Petitioner not to "not bother to file an Appeal of Right, due to the fact that Defendant pled no contest to the charges." (Pet'r's Appl. for Leave to Appeal, ECF No. 8-4, PageID.164.)

In order to excuse his default, Petitioner must show that trial counsel's advice rose to the level of a constitutional violation under *Strickland v. Washington*, 466 U.S. 668 (1984). *See*

12

*Murray,* 477 U.S. at 488.  Under *Strickland*, the petitioner must prove the following to establish a claim of ineffective assistance of counsel:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.

Counsel's advice—to "not bother to file an <u>Appeal of Right</u>, due to the fact that Defendant pled no contest to the charges"—was reasonable and correct advice under the Michigan Court Rules.  Michigan Court Rule 7.203 distinguishes between an "Appeal of Right" and an "Appeal by Leave."  Mich. Ct. R. 7.203(A) and (B).  The Michigan Court Rules require the court to advise a defendant that he is entitled to file an application for leave to appeal and that he may request counsel to assist in that endeavor.  Mich. Ct. R. 6.425(F).  Moreover, the Advice of Rights form and the Notice of Right to Timely Appeal form, documents filed in Petitioner's case, inform a defendant that pleas of guilty or *nolo contendere* require that an appeal can only be accomplished by filing an application for leave to appeal.  (Macomb Cty. Cir. Ct. Docket Sheet, ECF No. 8-1, PageID.130-131.)  Thus, if counsel discouraged Petitioner from filing an "Appeal of Right," counsel's advice did not fall below an objective standard of reasonableness, it was entirely accurate.

If Petitioner failed to file an appeal because he misinterpreted counsel's advice, that would not constitute cause for failing to raise his issues on appeal.  A petitioner's pro se, incarcerated status, limited access to the prison law library, or ignorance of the law and state procedural requirements do not constitute cause sufficient to excuse a procedural default.  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).  Where a petitioner fails to show cause, the court need not consider whether he

has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

The Court's review of Petitioner's two habeas issues is barred by Petitioner's procedural default. Petitioner has failed to establish cause for his procedural default. He has also failed to demonstrate a miscarriage of justice that might permit the Court to ignore his failure to establish cause. Accordingly, Petitioner is not entitled to habeas relief.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, I have examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

For the foregoing reasons, I recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied.


Dated:  November 14, 2018                  */s/ Timothy P. Greeley*
                                           Timothy P. Greeley
                                           United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).